NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCESCO GAZZAN-PRIAROGGIA, AKA Francesco Gazzana-Priaroggia, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.    15-73138 <br><br> Agency No. A200-419-588 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018[**]

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Francesco Gazzan-Priaroggia, a native and citizen of Italy, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application under 8

U.S.C. § 1186a(c)(4)(B) for waiver of the joint filing requirement to remove the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

conditional basis of his lawful permanent resident status. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Damon v. Ashcroft*, 360 F.3d 1084, 1088 (9th Cir. 2004), and we review de novo questions of law, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). Because the BIA wrote its own decision and did not adopt the IJ's decision, we review only the BIA's decision. *Aden v. Holder*, 589 F.3d 1040, 1043 (9th Cir. 2009). We grant the petition for review and remand.

The BIA's determination that Gazzan-Priaroggia failed to show that he intended to establish a life together with his ex-wife at the time they were married is not supported by substantial evidence. *See* 8 U.S.C. § 1186a(c)(4)(B); 8 C.F.R. § 216.5(e)(2); *Damon*, 360 F.3d at 1088 (evidence relevant to intent includes proof of shared insurance policies, income tax forms or bank accounts, and testimony or other evidence regarding the couple's courtship, wedding ceremony, and whether they shared a residence). Gazzan-Priaroggia provided credible testimony and a detailed declaration regarding the circumstances of their courtship, which began in June 2008 and culminated in their marriage in November 2009, three months after they began sharing a residence. *See Damon,* 360 F.3d at 1086 n.2 (where neither the BIA nor the IJ make an adverse credibility finding, the court of appeals assumes the petitioner's factual contentions are true). Gazzan-Priaroggia also submitted documentary evidence that corroborated his credible testimony,

2                                                                                         15-73138

including joint bank account statements, a joint income tax return, evidence of joint health insurance and auto insurance policies, a state driver license listing his ex-wife's address, three affidavits from acquaintances, and numerous photographs of himself, his ex-wife, and her daughter at various social functions and on vacation together before and after their wedding. *See id.* at 1088.

Further, although the BIA relied on Gazzan-Priaroggia's telephonic witness' testimony that his ex-wife did not wish her family to know of the relationship, the BIA did not acknowledge the credible explanations of Gazzan-Priaroggia or his telephonic witness regarding the circumstances surrounding the couple's decision not to inform their parents about the marriage, including his ex-wife's parents' disapproval of his relationship with their daughter, his ex-wife's recent separation from her first husband and the father of her daughter, and their families' conservative and religious values. *Cf. Damon,* 360 F.3d at 1089 (agency may not impose its own values or impose opinions about how parties in a marriage should behave).

Accordingly, we remand to the BIA to determine whether Gazzan-Priaroggia should be granted a discretionary waiver under 8 U.S.C. § 1186a(c)(4)(B).

**PETITION FOR REVIEW GRANTED; REMANDED.**

15-73138